```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


The Estate of George A.         :
Naclerio, Sr. by Matthew        :
T. Naclerio,                    :
        Plaintiff,              :
                                :   Case No. 3:05cv1172 (JBA)
v.                              :
                                :
James Jude Sullivan,            :
Avis Rent-A-Car d/b/a           :
Cendant Car Rental Group        :
& American Home Assurance       :
Company,                        :
        Defendants.             :
```

**Ruling on Plaintiff's Motion For Remand [Doc. # 8]**

Plaintiff originally filed this suit in Connecticut Superior Court, alleging negligence and vicarious liability for fatal injuries to George A. Naclerio, Sr., resulting from a motor vehicle collision on June 22, 2003, in New Haven, Connecticut, with a car operated by defendant James Jude Sullivan and leased from defendant Avis Rent-A-Car d/b/a Cendant Car Rental Group ("Avis").  On July 21, 2005, Avis removed this case to Federal Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[1] Plaintiff timely filed the instant motion to remand, claiming

---

[1] The record does not reflect any return of service on defendant American Home Assurance Company, sued under Conn. Gen. Stat. § 38a-336 for potential underinsurance, or defendant James Jude Sullivan, driver, neither of whom have joined in the removal of this case.

1

that defendant Avis failed to show a "separate and independent" claim or cause of action required for removal under 28 U.S.C. § 1441(c).  For the reasons that follow, plaintiff's motion for remand is DENIED.

Removal from State Court to Federal Court is proper under 28 U.S.C. § 1441 in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  28 U.S.C. § 1332 provides that the district courts of the United States shall have original jurisdiction over all civil actions where the action is between citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  These jurisdictional requirements must have been met at the time the complaint was filed and at the time of removal to federal court.  See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  If the jurisdictional facts are challenged, "the party asserting jurisdiction must support those facts with competent proof and justify its allegations by a preponderance of the evidence."  Id. at 305 (internal citation and alteration omitted).

Here, defendant Avis's allegations concerning diversity of citizenship and amount in controversy are not disputed. Defendant Avis alleges that George A. Naclerio, Sr. was at the time of his death a citizen of Connecticut and that his son and

executor of his estate, Matthew T. Naclerio, was a resident of California at the time this action was commenced and remains a California resident today.  See Notice of Removal [Doc. # 1] at ¶ 3.  Avis further alleges that defendant James Jude Sullivan was a Texas resident at the time this action was commenced, and remains one today, that  defendant Avis was at the time this action was commenced, and still is today, a corporation organized under the laws of Delaware with its principal place of business in New Jersey, and that defendant American Home was at the time the action was commenced, and still is today, a subsidiary of the American International Group, Inc., incorporated under the laws of New York with its principal place of business in New York.  Thus, there was complete diversity of citizenship between the parties at the time of filing and removal.  Additionally, given the nature of the injuries claimed, including death, the amount in controversy clearly exceeds $75,000.

Accordingly, the District Court of Connecticut has original jurisdiction over this case, pursuant to 28 U.S.C. § 1332, and removal was therefore proper under 28 U.S.C. § 1441(a).

**III. CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand [Doc. # 8] is DENIED.  The parties' 26(f) report shall be filed

within 14 days.

          IT IS SO ORDERED.

          _____/s/_____
          Janet Bond Arterton
          United States District Judge

**Dated at New Haven, Connecticut this 9th day of November, 2005.**